Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon in the Form 21 Agreement for Payment of Compensation approved on 6 March 1991 as
STIPULATIONS
The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act and Travelers Insurance Company is the carrier on the risk.
On 22 January 1991 plaintiff sustained an injury to his left hand by accident arising out of and in the course of employment with defendant-employer.
At the time of injury plaintiff's average weekly wage was $227.20 per week which yields a compensation rate of $151.47.
The parties further stipulated that the office file of Dr. Vincent E. Voci which included records of Dr. Slade shall be admitted into evidence as Deposition Exhibit No. 1. (Now added to record).
*************
RULINGS ON EVIDENTIARY MATTERS
1. Defendant's objection during the deposition testimony of Dr. Voci at page 12, line 12 is SUSTAINED in part and the Motion to Strike is ALLOWED as to lines 7 (beginning at "He felt. . .") through 11.
Defendant's objection during the deposition testimony of Dr. Voci at page 23, lines 1 through 6 is SUSTAINED.
All other objections during the deposition testimony of Dr. Voci and Dr. Naso are OVERRULED.
***************
Based upon the competent evidence of record herein the Full Commission finds as follows:
FINDINGS OF FACT
1. On 22 January 1991 plaintiff sustained an admittedly compensable injury by accident when he caught his left hand between rollers on a conveyor belt. As a result of this accident, plaintiff suffered some traumatic injury to the left hand and third degree burns over the dorsal (back) of his left hand. Pursuant to an agreement plaintiff was paid any temporary total disability compensation due.
2. Plaintiff first sought medical treatment at the emergency room from Dr. Vincent Voci, a plastic surgeon. Dr. Voci debrided the burn at the emergency room, but waited about two weeks to perform a skin graft. On 7 February 1991 Dr. Voci performed the skin graft over the dorsal left hand in an area which included the knuckles of the hand. The donor skin was removed from the plaintiff's left thigh.
3. Dr. Voci saw plaintiff for eleven follow-up examinations. By August 1991 Dr. Voci was of the opinion that some surgery might be necessary to remove scar tissue in the joints of plaintiff's left hand. Dr. Voci referred plaintiff to Dr. Slade, his partner, for a second opinion on this issue. Dr. Slade recommended tissue expander surgery to improve the flexibility of the scar on the dorsum of plaintiff's hand. Dr. Slade assigned plaintiff an eleven percent (11%) permanent partial impairment rating to the left hand. This impairment rating was due to plaintiff's inability to completely flex his hand as a result of the tight scar contracture on the dorsum of his hand.
4. On 24 January 1992 defendant referred plaintiff to Dr. Stephen Naso, Jr., a hand surgeon, for another opinion. Dr. Naso considered the appropriateness of two recommended surgical procedures. The first was a capsulotomy which is surgery to the joint to cut scar tissue and increase the range of motion to the joint. The second procedure was to use a tissue expander, which is a balloon-type instrument which is inserted under healthy skin and blown up to expand the healthy skin and gradually replace scar tissue. Dr. Naso was of the opinion that neither procedure was necessary in plaintiff's case because plaintiff's loss of motion or flexion of the hand was relatively minor and there is a risk that further surgery would lessen the overall range of motion.
5. Based upon the greater weight of the evidence, further surgery for plaintiff is not reasonably required to effect a cure, provide relief or lessen his disability.
6. Dr. Naso assigned plaintiff a seven percent (7%) permanent partial impairment to the use of his left hand. This rating was due to plaintiff's loss of five to ten degrees of flexion of the metacarpal of the ring and little fingers of the left hand and did not take into consideration the skin graft or scarring.
7. Greater weight is given the rating of Dr. Scales over that of Dr. Naso because Dr. Naso did not consider any limitations to the motion of plaintiff's hand due to scarring. Dr. Slade rated plaintiff's index, ring, long and little fingers and assigned a rating based upon impairment to the whole hand.
8. As a result of plaintiff's admittedly compensable injury, plaintiff has distinct and noticeable scarring across the dorsum of the left hand from approximately the knuckles down to about an inch above the wrist. The scarring also covers portions of the fingers. Plaintiff also has distinct and noticeable scarring on the left thigh. There is insufficient evidence in the record to determine whether plaintiff's disfigurement is compensable as the description given by the deputy commissioner is limited in detail and no pictures were introduced into evidence.
*************
Based upon the foregoing stipulations and findings of fact the Full Commission makes the following
CONCLUSIONS OF LAW
1. As a result of the injury by accident of 22 January 1991, plaintiff is entitled to permanent partial disability compensation in the amount of $151.47 per week for 22 weeks due to the eleven percent permanent partial impairment to his left hand. N.C.G.S. 97-31 (12).
2. Plaintiff is entitled to the payment of all medical expenses incurred or to be incurred as a result of his injury by accident of 22 January 1991. Said medical treatment shall not include a capsulotomy nor use of a tissue expander. N.C.G.S.97-25.
3. The issue of whether plaintiff is entitled to compensation for disfigurement to his left hand and/or thigh is reserved for subsequent determination.
**************
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff permanent partial disability compensation in the amount of $151.47 per week for 22 weeks due to the eleven percent permanent partial impairment to the use of his left hand. As said amount has accrued, payment shall be made in a lump sum, uncommuted, and payment shall be subject to an attorney's fee as provided below.
2. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury by accident of 22 January 1991. Said medical treatment shall not include a capsulotomy or tissue expander surgery.
3. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel. Such attorney's fee shall be deducted from the compensation due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay all costs, including an expert witness fee in the amount of $200.00 to Dr. Naso and $200.00 to Dr. Voci.
ORDER
Upon Motion of the undersigned the record in this matter is reopened for 30 days for receipt of additional evidence on the issue of disfigurement.
IT IS HEREBY ORDERED that the parties shall within 30 days submit stipulated pictures of the scarring on plaintiff's hand and thigh to the Full Commission or arrange a Full Commission viewing of plaintiff pursuant to I.C. Rule 701(9). Further, the parties shall fully cooperate with each other in submitting any additional stipulated evidence on the issue of disfigurement to the Full Commission within said 30 days.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN CHAIRMAN
S/ __________________ THOMAS J. BOLCH COMMISSIONER
BSB:be